# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KURT ARTHUR MEYER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-20-1125-J |
| ) | |
| SCOTT CROW, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner, Kurt Arthur Meyer, a state prisoner appearing pro se, brought this action pursuant to 28 U.S.C. § 2254, seeking habeas relief. [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Amanda Maxfield Green consistent with 28 U.S.C. § 626(b)(1)(B),(C). [Doc. No. 4]. Judge Green issued a Report and Recommendation recommending that the Petition for Writ of Habeas Corpus be denied on all grounds. [Doc. No. 24]. Petitioner has filed an objection to the Report and Recommendation which triggers de novo review. [Doc. No. 27].

Petitioner objects to the Magistrate Judge's reliance on the facts set forth in the Oklahoma Court of Criminal Appeals' (OCCA) opinion. In the Report and Recommendation, Judge Green addresses each of Petitioner's contentions regarding the accuracy of the facts in the OCCA's summary. Having reviewed the court file, the Court concludes that Judge Green did not improperly rely on the facts set forth in the OCCA's opinion.

Petitioner also objects to the Magistrate Judge's deferential standard of review of the OCCA's opinion and contends that plain error review should have been used. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-

law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011). A petitioner is entitled to federal habeas relief only if the merits-based adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This standard "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington*, 562 U.S. at 102-03 (internal quotations omitted). Having reviewed the Report and Recommendation and Petitioner's objections, the Court concludes that Judge Green appropriately used the deferential standard of review set forth in 28 U.S.C. § 2254(d).

Petitioner further objects to the Magistrate Judge's findings that he did not exhaust his claim of ineffective assistance of appellate counsel and that this claim is subject to an anticipatory procedural bar. "[A] state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "Exhaustion requires that the claim be 'fairly presented' to the state court, which 'means that the petitioner has raised the "substance" of the federal claim in state court.'" *Fairchild v. Workman*, 579 F.3d 1134, 1151 (10th Cir. 2009) (quoting *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006)). Having carefully reviewed the court file, and for the same reasons set forth by Judge Green, the Court concludes that Petitioner did not exhaust his claim of ineffective assistance of appellate counsel.

Finally, Petitioner objects to the Magistrate Judge's finding that he did not make a credible showing of actual innocence.  "To make a credible showing of actual innocence, a petitioner must support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Frost v. Pryor*, 749 F.3d 1212, 1231-32 (10th Cir. 2014) (internal quotations and citations omitted).  Having reviewed the court file, the Report and Recommendation, and Petitioner's objections, the Court concludes that Petitioner has not made the requisite showing.

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 24] and DENIES the Petition for Writ of Habeas Corpus [Doc. No. 1].  A certificate of appealability is DENIED, as the Court concludes Petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this 31st day of January, 2022.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE